IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTY DUPREE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ARCILLA MINING & LAND COMPANY, LLC, | |
| Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Marty Dupree ("Plaintiff" or "Mr. Dupree"), by and through his undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Arcilla Mining and Land Company, LLC ("Defendant") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 1981, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Ted S. Smith, located at 9474 HWY 57, McIntyre, GA, 31054.

## FACTUAL ALLEGATIONS

7.

On or about February 14, 2022, Mr. Dupree began working for Defendant. His last position was Haul Driver.

8.

Around April 2022, several black employees made physical threats of violence against Mr. Dupree.

9.

When Mr. Dupree reported the behavior to Defendant, he was instructed to file a police report because the behavior was consistent with domestic terrorism.

10.

Defendant allowed its employees to continue harassing Mr. Dupree on the work sites.

11.

Mr. Dupree continued reporting the behavior to Defendant.

12.

The employees told Defendant that they were threatening to beat Mr. Dupree's "Goddamn ass" because he is a white man.

13.

Defendant continued to ignore Mr. Dupree's concerns for his safety.

14.

On or around May 1, 2022, Mr. Dupree tried to report the threats and harassment again but Defendant's Vice President, Ashley H. Smith, told him "I don't want to hear it, I don't give a damn. You can either go to work or go back home."

15.

On June 8, 2022, Mr. Dupree was forced to resign from his position.

16.

Thereafter, Defendant apologized to Mr. Dupree and confirmed that all four witnesses he identified in his complaints supported his reports of race discrimination and harassment.

17.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

18.

Mr. Dupree was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., white.

19.

During Mr. Dupree's employment with Defendant, he was never written up or received a negative performance review.

4

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

20.

Plaintiff re-alleges paragraphs 7-19 as if set forth fully herein.

21.

Plaintiff is a member of a protected class, i.e. he is Caucasian and white in color.

22.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

23.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

24.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of their race.

25.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected their psychological and physical well being.

26.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to their emotional health, and has lost back pay and front pay.

27.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

28.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 31st day of January 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153
Benjamin J. Rollins
Georgia Bar No. 613751

*Attorneys for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com
benjamin@justiceatwork.com